UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN JONES,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF CORRECTIONS; MICHAEL LEMKE; KEVIN BOND; JEROME NICKERSON; DELANDA JONES; WILVIS HARRIS; DR. SALEH OBAISI; and WEXFORD HEALTH SOURCES, INC.,

    Defendants.

No. 14 C 8244

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

In his original pro se complaint filed on October 20, 2014, Jones—an inmate at Stateville Correctional Center—made two separate claims: (1) certain correctional officers violated his constitutional rights and rights under the Americans with Disabilities Act and the Rehabilitation Act, by refusing to unshackle him so he could use the toilet during a 6-8 hour visit to the Cook County Courthouse, despite a medical condition that requires him to relieve himself frequently; and (2) medical staff at Stateville (including Dr. Obaisi, and Wexford pursuant to *Monell*) were deliberately indifferent to certain medical conditions, particularly conditions associated with his throat. R. 1. The case was originally assigned to Judge Darrah who on December 9, 2014, held that these two claims were improperly joined, and on that basis, dismissed the complaint without prejudice. *See* R. 5. Specifically, Judge Darrah ordered Jones to:

> choose a single, core claim to pursue under this case number [that is, either the events of July 8, 2013, during transport on a court writ, or the medial treatment he has received for his myriad medical complaints]. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

*Id.* at 2. On December 18, 2014, Jones filed an amended complaint that included only the first claim about being denied permission to use the toilet, and dropped the second claim, including any allegation against Dr. Obaisi or Wexford. R. 6. On the basis of the amended complaint, Judge Darrah ordered the Clerk of Court to "terminate" Dr. Obaisi and Wexford (among other defendants relevant to the claim Jones had dropped) on January 23, 2015. R. 8. This left constitutional claims and claims under the ADA and Rehabilitation Act against the correctional officers Jones had named in his original complaint. Apparently Jones chose not to file a second case to pursue his deliberate indifference claims against Dr. Obaisi and Wexford, despite Judge Darrah's instruction that filing a separate case was the proper course.

On October 17, 2016, Judge Darrah appointed counsel for Jones. *See* R. 71. After the case was transferred to the undersigned judge, on July 26, 2017, the Court granted Jones (now through counsel) leave to file second amended complaint, which he filed the next day, bringing deliberate indifference and ADA claims. *See* R. 87; R. 88. The second amended complaint brought Dr. Obaisi back into the case—in both the ADA and deliberate indifference claims—arguing that they were liable for failing to provide Jones with a medical permit to be unshackled during court visits so he could use the toilet. *See* R. 88. Jones has since filed a third amended complaint

2

adding Wexford. R. 112. Dr. Obaisi and Wexford have moved to dismiss these claims as untimely. *See* R. 98; R. 106.

Jones correctly concedes that there is a two-year statute of limitations for both his ADA and deliberate indifference claims. *See* R. 108 at 2. Nevertheless, he argues that his current claims against Dr. Obaisi and Wexford are timely for two reasons: (1) the statute of limitations has been tolled during the pendency of this case; and (2) the new claims against Dr. Obaisi and Wexford relate back to the original complaint.

The first argument is wrong. Generally, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed"; a rule that "is needed to prevent nullification of statutes of limitations by repeated filings and dismissals." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("The judge erred in thinking that the statute of limitations was tolled between the filing of the original suit and when she dismissed [the plaintiff] from it.")). However, drawing on Rule 15's relation-back provision, the Seventh Circuit has held that there is an exception to this general rule, which provides that "[i]f a timely complaint is dismissed but the action remains pending, . . . an amended complaint relates back to the filing of the original complaint when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Luevano*, 722 F.3d at 1022 (quoting Fed. R. Civ. P. 15(c)(1)(B)). Based on this exception, Jones argues that the

3

statute of limitations for his current claims against Dr. Obaisi and Wexford was "tolled" during the two-and-a-half years between Judge Darrah's order "terminating" them from the case on January 23, 2015, and the filing of Jones's second amended complaint on July 27, 2017. *See* R. 108 at 3.

The Seventh Circuit applied this exception in *Luevano v. Wal-Mart*, a case that concerned a pro se plaintiff whose original complaint was dismissed with leave to amend on initial screening. After the plaintiff in *Luevano* filed an amended complaint—against the same defendant named in the original complaint— it was dismissed as untimely because the statute of limitations had run in the intervening period. The *Luevano* court reversed, noting that the district court's dismissal of the original complaint "made crystal clear that the court was not finished with the case." 722 F.3d at 1021. Moreover, the court emphasized, "[i]t's not as if Luevano received the dismissal without prejudice and forgot about her lawsuit. She worked actively to amend her complaint within the thirty-day period in which she supposedly could have appealed the [dismissal] order [had it been final]." *Id.* at 1021-22.

Here, by contrast, the Court terminated Dr. Obaisi and Wexford, not because of a deficiency in Jones's original complaint that the Court discovered on initial review, but because Jones had filed an amended complaint that did not include Dr. Obaisi, Wexford, or any of the defendants Jones had alleged were deliberately indifferent to his throat condition. When Jones decided not to include Dr. Obaisi and Wexford in his amended complaint, they were out of the case and the mere

4

pendency of the case, bringing a different claim against difference defendants, no longer served to toll the statute of limitations with respect to Dr. Obaisi and Wexford. Jones then waited more than two-and-a-half years to seek to amend his complaint again to add Dr. Obaisi and Wexford as defendants in his claim regarding denial of permission to use the toilet. Jones did this not in response to an order of the Court (as was the case in *Luevano*), but because he has changed his theory of the case to implicate Dr. Obaisi and Wexford for the first time in the denial of permission to use the toilet. Contrary to Jones's argument, *Luevano* does not stand for the principle that Jones could return former defendants to the case at any time merely because some aspect of Jones's original complaint remained pending throughout. *See Luevano*, 722 F.3d at 1021 (Wal-Mart was the only defendant in both iterations of the complaint); *see also Smith v. Union Pac. R. Co.*, 564 Fed. App'x 845, 847 (7th Cir. 2014) (reaffirming *Luevano's* reasoning in the context of pro se plaintiff amending her complaint against a single defendant). Rather, the general rule regarding the effect of dismissals on statutes of limitations applies here to make Jones's new claims against Dr. Obaisi and Wexford untimely.[1]

The *Luevano* holding might be relevant here if Jones's current claims against Dr. Obaisi and Wexford arose out of the same "transaction or occurrence" as the

---

[1] Jones mentions the doctrine of "equitable tolling" in his brief, but does not discuss the standard. (The exception set forth is *Luevano*, which is the focus of Jones's argument, is not based in equitable tolling.) Equitable tolling requires "extraordinary circumstances," which "are present only when an external obstacle beyond the party's control stood in its way and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). The Court does not perceive such circumstances to exist here.

5

claims he made against them in his original complaint, which is required for new claims to relate back to old claims under Federal Rule of Civil Procedure 15(c). *See Smith*, 564 Fed. App'x at 847 ("As with the plaintiff in [*Luevano*], Smith's amended complaint asserted a claim arising out of the defendant's conduct set out in the original pleading and relates back to his timely filed original complaint."). But they do not. In the original complaint, Jones alleged that Dr. Obaisi and Wexford harmed him by being deliberately indifferent to his throat condition. He also alleged that certain correctional officers had harmed him by failing to permit him to use the toilet. But as Judge Darrah recognized, these were two separate claims. Jones never expressly alleged, or indicated in any way, that he sought to hold Dr. Obaisi and Wexford liable for the harm he suffered by not being permitted to use the toilet. And it is by no means obvious that Dr. Obaisi and Wexford should be held accountable for such conduct. Absent such a connection between the two claims in the original complaint, Jones's current claims against Dr. Obaisi and Wexford did not arise "out of the conduct, transaction, or occurrence" Jones alleged against them in his original complaint, and relation back under Rule 15 is not appropriate based on Jones's original claims against Dr. Obaisi and Wexford.

Of course, Jones's *current* claims against Dr. Obaisi and Wexford are part of the same transaction underlying his claims against the correctional officers and their alleged refusal of permission to use the toilet. Indeed, Jones alleges that Dr. Obaisi and Wexford are liable for that harm because they failed to provide Jones with a medical permit instructing the correctional officers to unshackle him so he

6

could use the toilet. But for Jones's new claims against Dr. Obaisi and Wexford to relate back to his original claims against the correctional officers, Jones's claim against Dr. Obaisi and Wexford must satisfy another provision of Rule 15, which addresses adding defendants to claims. Under Rule 15, "when the amendment changes the party or the naming of the party against whom a claim is asserted," the new claim relates back to the filing date of an old claim, "if . . . within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. Rule Civ. P. 15(c)(1)(C).

Jones's amendment to add claims against Dr. Obaisi and Wexford does not satisfy this provision. First, Dr. Obaisi and Wexford were never served with the original complaint in which they were named. Neither is there any indication in the record that Dr. Obaisi and Wexford received notice of the case in any other manner. Jones does not address whether they had such notice.

But even if they had notice of the case when it was first filed, Jones has not demonstrated that Dr. Obaisi and Wexford "should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." *See White v. City of Chicago*, 2016 WL 4270152, at *16 (N.D. Ill. Aug. 15, 2016) ("Rule 15(c)(1)(C)(ii), the Supreme Court explained, 'asks what the prospective defendant knew or should have known during the Rule 4(m) period, not

7

what the plaintiff knew or should have known at the time of filing her original complaint.'" (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010))). As discussed, the allegations against the correctional officers do not necessarily imply any liability for Dr. Obaisi and Wexford. Jones did not "mistakenly" bring claims against the correctional officers; clearly, he believes they are liable for his harm. But now he wants to claim that Dr. Obaisi and Wexford are *also* liable for the harm he suffered by being denied permission to use the toilet. Jones does not argue that he made a mistake of which Dr. Obaisi and Wexford should have been aware, rather he simply wants to add Dr. Obaisi and Wexford as defendants. A "mistake" for purposes of Rule 15 concerns the plaintiff's lack of knowledge of a party's existence or of a potential defendant's identity. *See White*, 2016 WL 4270152, at *15-18. Jones of course cannot contend that he did not know Dr. Obaisi and Wexford existed. Neither does he argue that he did not know that Dr. Obaisi had refused to give him a medical permit. Indeed, in his brief on this motion, Jones indicates that he has always known that Dr. Obaisi refused him a permit. *See* R. 108 at 2 ("Then Plaintiff's co-counsels filed Plaintiff's Second Amended Complaint which re-named Dr. Obaisi because it turned out during conversations with Plaintiff that Dr. Obaisi had refused to issue Plaintiff a medical permit which would have required his guards to allow plaintiff to use a toilet while in the Cook County Jail lock up . . . ."). Thus, Jones does not contend that he lacked knowledge of any of the *facts* necessary to bring his claims against Dr. Obaisi and Wexford at the time he brought his original complaint. It may be that Jones did not have the legal acumen to know that

8

he might be able to state a claim against Dr. Obaisi (and by extension, Wexford) on the basis of these facts. But even if that was the case, it does not demonstrate that Jones was mistaken about the *identity* of his potential defendants, let alone that Dr. Obaisi and Wexford had notice of this mistake. Absent a basis to find that Jones's failure to bring claims against Dr. Obaisi and Wexford was due to a mistake regarding their identities, Rule 15 does not permit Jones's new claims to relate back to the filing date of his original complaint.

**Conclusion**

For the foregoing reasons, Dr. Obaisi and Wexford's motion to dismiss [98] [106] is granted, and the claims against Dr. Obaisi and Wexford are dismissed with prejudice.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  December 14, 2017